IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SPARTA INSURANCE CO., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION. NO. 1:19-cv-260-TFM-N ) |
| GUARDIAN SERVICES, INC., *et al.*, | ) ) |
| Defendants. | ) |

## ORDER

This matter is before the undersigned on *Plaintiff's Motion for Service by Publication Pursuant to Fed. R. Civ. P. 4(e)(1)* (Doc. 31, filed August 6, 2019). For the reasons articulated below, Plaintiff's motion is **GRANTED in part** and **DENIED in part**. The motion is granted as to the individual defendant but denied as to the corporate defendant as discussed below.

### I. FACTUAL BACKGROUND AND MOTION

Plaintiff requests an order that allows it to serve Defendant Guardian Services, Inc. and Steven Marcrum by publication. *Id.* at 1. At issue are Defendants Guardian Services, Inc., d/b/a Guardian Termite & Pest Service ("Guardian" - an Alabama domestic corporation) and Steven Marcrum ("Marcrum" - an individual and Guardian's owner). In this case, Plaintiff SPARTA Insurance Company ("SPARTA") filed its Complaint on June 3, 2019 seeking a resolution of whether it owes a duty to defend or indemnify Defendants Guardian and Marcrum against claims made by a Guardian customer Jason Outlaw in a pending arbitration proceeding. Doc. 1. To date, Defendants Guardian and Marcrum have yet to appear in this lawsuit and have not yet been served.

As a preliminary matter, the complaint was filed on June 3, 2019. Because more than 90 days have passed since then, the complaint as it relates to these defendants is subject to dismissal

without prejudice pursuant to Rule 4(m). However, the Court notes that the instant motion was filed prior to the 90-day expiration and that Plaintiff has established good cause for the failure to service. Therefore the Court extends the time within which service must be perfected.

During the course of the litigation (both this lawsuit and the Outlaw arbitration), Plaintiff learned that Guardian and/or Marcrum sold the customer pest control contracts to Terminix (a co-defendant in this and the Outlaw arbitration). *See* Doc. 31-1 at ¶ 3. However, Guardian is still listed as an active corporation with the Alabama Secretary of State with Marcrum listed as the registered agent at an address in Silverhill, Alabama. *Id*. at ¶ 4.

SPARTA attempted serviced on Guardian and Marcrum by certified mail and via process service at Guardian's registered street address, but no agents or representatives were found there. Additionally, SPARTA also attempted service by certified mail and process service at Guardian's last known business address, but again no agents or representatives were found there. Next, SPARTA also attempted service on Marcrum at his last known residentially address (reportedly now vacant) and at all known properties owned or formerly owned by Guardian or Marcrum. Neither Guardian's representatives or agents nor Marcrum were found at any location. Finally, SPARTA has corresponded and met in person the attorneys representing Guardian and Marcrum in the Outlaw arbitration and provided copies of the Amended Complaint to them. However, those attorneys indicated they are not authorized to accept service on behalf of either Guardian or Marcrum. *Id*. at ¶¶ 6-11; *see also id.* at ¶¶ 14-28.

As part of the affidavit from the attorney assigned to the case, he details the attempts in specific detail. *See* Doc. 31-1 generally. On May 8, 2019, counsel for SPARTA confirmed with Marcrum's counsel for the Outlaw arbitration that he has the correct last known address. *Id*. at 4, n. 4. Consequently, on June 4, 2019, SPARTS mailed copies of the Complaint and Summons to

Guardian and Marcrum by certified mail to that same address. *Id*. at ¶ 14. On July 3, 2019, they were returned as "unclaimed." On June 24, 2019, SPARTA mailed copies of the Amended Complaint and Summons to Guardian and Marcrum, by certified mail to the same address. On July 29, 2019, they were also returned as "unclaimed." *Id*. at ¶ 16. On July 8, 2019, SPARTA next attempted to serve Guardian and Marcrum at Guardian's registered office on file with the Alabama Secretary of State where Marcrum was listed as the registered agent. *Id*. at ¶ 17. Those documents were returned by the Postal Service with a marking of "unable to forward" and "moved, left no address." *Id*. at ¶ 18.

Subsequently, SPARTA retained the services of Investigations, Inc. and Integrity Investigations, LLC to handle the service of process for both Guardian and Marcrum as well as investigate Marcrum's current whereabouts. *Id*. at ¶ 19. On June 5, 2019. Integrity Investigations attempted to serve Marcrum and Guardian at Marcrum's last known residential address. No one answered the door and the process server observed no activity on the property. *Id*. at ¶ 20. The process server returned on June 11, June 12, June 13, June 14, and June 17, 2019 with the same results. *Id*. The process server observed that the house appeared to be vacant. *Id*. On June 17, 2019, Integrity Investigations attempted service at Guardian's former business address and physical office. Though a commercial building, it appeared to the process server that the building was being used as a residence. The process server spoke with an unidentified white male teenager who stated that Marcrum was out of town, but expected him back the next day. The process server advised the teenager about the documents, provided his business card, and requested Marcrum contact the process server. No response was received from Marcrum. *Id*. at ¶ 21. The process server returned on June 20 and June 21, 2019. On June 21, 2019, an adult male named Clay who claimed to be Marcrum's nephew answered the door and told the process server that Marcrum no

longer lived there and that he did not know where he currently lived. *Id*. at ¶ 22. On July 12, 2019, Integrity Investigations again visited the "registered office." This time he spoke with an unidentified elderly male who stated his son lived there. He was aware that the location used to be Marcrum's former office, but that he did not personally know Marcrum nor did he know Marcrum's whereabouts. *Id*. at ¶¶ 23-24.

Throughout June and July 2019, Investigations, Inc. and Integrity Investigations performed an investigation to identify other properties owned and formerly owned by Guardian, Marcrum, and Guardian co-owner Tammy Marcrum (Marcrum's ex-wife). They attempted to locate and serve Marcrum at ten different locations. *Id*. at ¶ 25.

Plaintiff also asserts that Marcrum has actual or constructive knowledge of SPARTA's lawsuit through the notice to his defense attorneys in the Outlaw arbitration and notice from the process servers to Marcrum's relatives and acquaintances. *Id*. at ¶ 27.

## II. LAW GENERALLY

Rule 4(h) of Federal Rules of Civil Procedure states a corporation may be served in the manner described by FED. R. CIV. P. 4(e)(1) and FED. R. CIV. P. 4(h)(1)(A). Rule 4(e)(1) states that unless it is contrary to federal law, service may be perfected on an individual within a judicial district of the United States "pursuant to the law of the state in which the district court is located." FED. R. CIV. P. 4(e)(1). Therefore, when a plaintiff files suit in the Southern District of Alabama, they may serve a domestic corporation and an individual by any means authorized by Alabama law.

Rule 4.3(c)(6) of the Alabama Rules of Civil Procedure states service of process on a domestic corporation can be effected by serving "an officer, a partner (other than a limited partner), a managing or general agent or any agent authorized by appointment or by law to receive service

of process." ALA. R. CIV. P. 4.3(c)(6). Service of a domestic corporation can be effected by certified mail when a plaintiff makes a request with the clerk of court. ALA. R. CIV. P. 4(i)(2). Service of an individual may be perfected:

> [B]y serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process.

ALA. R. CIV. P. 4(c)(1).

However:

> If service of process is refused, and the certified mail receipt or the return of the person serving process states that service of process has been refused, the clerk shall send by ordinary mail a copy of the summons or other process and complaint or other document to be served to the defendant at the address set forth in the complaint or other document to be served. Service shall be deemed complete when the fact of mailing is entered of record.

ALA. R. CIV. P. 4(e).

> ALA. R. CIV. P. 4.3(c) states when such a method of service is authorized:
>
> When a defendant avoids service and that defendant's present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned it to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication. When a defendant is a corporation and the process server has endorsed the fact that the process cannot be served because of the failure of the defendant to elect officers or appoint agents, or because of the absence of officers or agents from the state of incorporation and the state of the corporation's principal place of business for a period of thirty (30) days from the filing of the complaint or because the officers or agents are unknown, then such defendant shall be deemed to have avoided service and the court may, on motion, order service of such defendant to be made by publication. The mere fact of failure of service is not sufficient evidence of avoidance, and the affidavit required in subdivision (d)(1) of this rule must aver specific facts of avoidance.

ALA. R. CIV. P. 4.3(c). A plaintiff who seeks a court order that authorizes service by publication must submit an affidavit that shows the defendant is avoiding service. *Id*. The Committee

Comments to ALA. R. CIV. P. 4.3 state:

> [M]ore than mere inability to find the defendant is required because of the use of the term "avoidance" of service. Without this element of culpability on the part of the defendant when plaintiff has failed to obtain service other than by publication, substantial constitutional questions may be posed by the obtaining of an in personam judgment by publication. Further, note that publication is only available on motion at which time the plaintiff should bring to the attention of the court those circumstances which, in the opinion of the plaintiff, substantiates plaintiff's contention that the defendant is avoiding service and that the plaintiff is entitled to service by publication.

ALA. R. CIV. P. 4.3(c) Committee Comments on 1977 Complete Revision.

### III. DISCUSSION AND ANALYSIS

Based on the motion and supporting evidence, Plaintiff argues they should be allowed to serve Defendants by publication. The Court will take each defendant in turn.

With regard to Marcrum, as an individual, as previously noted "[w]hen a defendant avoids service and that defendant's present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned it to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication. The Court finds that Plaintiff has satisfied the requirements. They have made numerous attempts at various locations associated with Marcrum, spoke with at least one relative (nephew), and also spoke to Marcrum's attorney in the Outlaw arbitration. There is sufficient evidence here to establish that Defendant Marcrum is avoiding service and that his present location/residence is unknown. As such, Plaintiff may serve Marcrum by publication as established by ALA. R. CIV. P. 4.3(d).

However, Plaintiff has not demonstrated it is entitled to serve Defendant Guardian by publication. Though it does seem equally clear that the Defendant (through Marcrum) is also avoiding service, the rules are more stringent for corporation. Ala. R. Civ. P. 4.3(c) adds the

following language: "When a defendant is a corporation and the process server has endorsed the fact that the process cannot be served because of the failure of the defendant to elect officers or appoint agents, **or because of the absence of officers or agents from the state of incorporation and the state of the corporation's principal place of business for a period of thirty (30) days from the filing of the complaint or because the officers or agents are unknown, then such defendant shall be deemed to have avoided service and the court may, on motion, order service of such defendant to be made by publication.**" The second part is the one at issue here. Unfortunately for Plaintiff, it requires that they establish two separate requirements – the absence of officers or agents from (1) the state of incorporation **and** (2) the state of the corporation's principal place of business for a period of thirty (30) days from the filing of the complaint. Plaintiff has established that Guardian's officer/agent (Marcrum) has been absent from the principal place of business for a period of thirty (30) days from the filing of the complaint. However, what is not clearly established is that Guardian's officer/agent (Marcrum) has been absent from the state of incorporation (Alabama) – which is also where he has, at least historically, resided.

While the Court is certainly sympathetic to SPARTA's plight and might even find service by publication appropriate in these types of circumstances, it cannot ignore the plain language of Ala. R. Civ. P. 4.3(c). Nor, where notice of suit is involved, can the Court construe or infer the rule in favor of the plaintiff. As the motion for publication was filed pursuant to Alabama law, it must be denied.

That is not to leave SPARTA without recourse. As Marcrum is the registered agent, the service by publication upon him individually may provide some assistance in obtaining the later ability to serve him in his capacity as Guardian's agent. Additionally, the Court is willing to

approve, upon request, the assistance of the United States Marshal Service in effectuating service on Guardian (and indeed both defendants).

## IV. CONCLUSION

Based on the above, the *Plaintiff's Motion for Service by Publication Pursuant to Fed. R. Civ. P. 4(e)(1)* (Doc. 31) is **GRANTED in part** and **DENIED in part** as follows:

(1) The motion is **GRANTED** as to Defendant Steven Marcrum. Plaintiff is **ORDERED** to file proof of completed service by publication on or before **January 20, 2020**.

(2) The motion is **DENIED** as to Defendant Guardian Services, Inc., d/b/a Guardian Termite & Pest Service. However, as the Court finds good cause pursuant to Fed. R. Civ. P. 4 to extend the time within which service must be perfected to **January 20, 2020**. At that time, Plaintiff shall either file proof of service or a further status report as to efforts made to effectuate service upon the corporate defendant.

(3) If Plaintiff opts to request the assistance of the United States Marshal Service to effect service pursuant to Fed. R. Civ. P. 4(c)(3), they may do so by a separate motion.

(4) Plaintiff is further **DIRECTED** to provide a copy of this order to Guardian and Marcrum's counsel in the Outlaw arbitration.

**DONE** and **ORDERED** this the 18th day of November 2019.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE