**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA, MOBILE DIVISION**

| | | |
|---|---|---|
| **SPARTA INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO:** |
| | ) | |
| **v.** | ) | **1:19-cv-00260-TFM-N** |
| | ) | |
| **GUARDIAN SERVICES, INC., d/b/a** | ) | |
| **GUARDIAN TERMITE &  PEST SERVICE;** | ) | |
| **and STEVEN MARCRUM; et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**SPARTA INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT,**
**NARRATIVE STATEMENT OF UNDISPUTED FACTS, AND**
**BRIEF IN SUPPORT OF SUMMARY JUDGMENT**

Plaintiff SPARTA Insurance Company (hereinafter "SPARTA"), pursuant to Rule 56 of the

Federal Rules of Civil Procedure, respectfully moves the Court to enter final summary judgment in

its favor, and against Defendants, on the grounds there exists no genuine dispute as to any material

fact and SPARTA is entitled to judgment as a matter of law.  Specifically, SPARTA seeks a judicial

declaration that it has no duty to defend Steven Marcrum or his company, Guardian Services, Inc.,

in the underlying arbitration proceedings made the subject of this action because SPARTA was not

provided timely notice of those claims.[1]  In Support, SPARTA shows the Court the following.

**I.     Introduction**

Steven Marcrum and his company, Guardian Services, Inc. (hereinafter "Guardian"), failed

to meet an essential condition for coverage under the SPARTA Policies.  As a condition precedent

---

[1]  This motion relates to the issue of late notice only.  In filing this motion, SPARTA does
not waive any coverage defense, claim, or issue raised in its Second Amended Complaint (Doc. 41).
All such defenses, claims, and issues are expressly reserved.

for coverage, Guardian and Mr. Marcrum were required to notify SPARTA of any potential or pending claim "as soon as practicable" and to "immediately" send SPARTA "copies of any demands, notices, summonses or legal papers" received in a connection with a claim. There is no genuine dispute that Guardian and Mr. Marcrum failed to do so in this case.

Guardian and Mr. Marcrum were served with Jason Outlaw's arbitration claims against them in May 2017. However, Guardian and Mr. Marcrum did not timely put SPARTA on notice of any claim for coverage, or send SPARTA copies of the arbitration papers, as required under the SPARTA Policies as a condition precedent for coverage. Rather, SPARTA's first notice of any claim for coverage under the SPARTA policies came **one year and eleven months later** on April 22, 2019 – not from Guardian or Mr. Marcrum, but from Everest National Insurance Company, which has been defending Guardian and Mr. Marcrum in the arbitration from 2017 forward. This notice from Everest to SPARTA came just three months before Mr. Outlaw's claims were set to be heard by the arbitrator.[2]

The Alabama Supreme Court has consistently held:

> The failure of an insured to comply **within a reasonable time** with such conditions precedent in an insurance policy **requiring the insureds to give notice of an accident or occurrence** releases the insurer from obligations imposed by the insurance contract.

Travelers Indem. Co. v. Miller, 86 So. 3d 338, 342 (Ala. 2011) (quoting Reeves v. State Farm Fire & Cas. Co., 539 So. 2d 252, 254 (Ala. 1989)) (emphasis added). Even if notice from Everest constitutes notice from Guardian and Mr. Marcrum (which is not conceded), an unexplained delay in giving notice for almost two years is unreasonable as a matter of law, and fails to meet the

---

[2] The arbitration hearing was continued and is currently set for December 14, 2020.

2

unambiguous notice requirements of the SPARTA policies. SPARTA has no duty to defend Guardian or Mr. Marcrum, or to contribute to their defense, in the underlying arbitration proceeding.

## II.    Narrative Statement of Undisputed Facts

1.    SPARTA issued four policies of Commercial General Liability Insurance to Guardian Services, Inc., d/b/a Guardian Termite & Pest Service (hereinafter "Guardian"). The combined coverage period under the SPARTA policies began February 11, 2009 and ended February 16, 2013. True and correct copies of the SPARTA policies are included as Attachments 1-4 to the Affidavit of Ron Harrell filed as Exhibit A in support of this motion.

2.    As a condition precedent to coverage under each of the SPARTA policies, Guardian was required to notify SPARTA of any potential or pending claim **"as soon as practicable."** As a further condition precedent, Guardian "and any other involved insured" must **"immediately"** send SPARTA "copies of any demands, notices, summonses or legal papers" received in connection with a claim. These notice requirements are identical under each of the four SPARTA policies issued to Guardian, and are set out in full below:

**Section IV - Commercial General Liability Conditions**

**Duties in The Event of Occurrence, Offense, Claim, or Suit**

a.    You must see to it that we are notified **as soon as practicable** of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:

(1)    How, when and where the "occurrence" or offense took place;

(2)    The names and addresses of any injured persons and witnesses; and

(3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

3

   b.  If a claim is made or "suit" is brought against any insured, you must:

     (1)  **Immediately** record the specifics of the claim or "suit" and the date received; and

     (2)  Notify us **as soon as practicable**.

     You must see to it that we receive notice of the claim or "suit" **as soon as practicable.**

   c.  You and any other involved insured must:

     (1)  **Immediately** send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit"; . . .

(Doc. 41-1, PageID. 946-47; see also, Ex. A, Aff. of Ron Harrell, Attachment 1 at Bates Nos. 20-21; Attachment 2 at Bates Nos. 22-23; Attachment 3 at Bates Nos. 23-24; Attachment 4 at Bates Nos. 24-25) (emphasis added).

  3.  The SPARTA policies define "suit" to include an "arbitration proceeding" or "other alternative dispute resolution proceeding."  (Doc. 41-1, PageID. 951; see also, Ex. A, Aff. of Ron Harrell, Attachment 1 at Bates No. 25; Attachment 2 at Bates No. 27; Attachment 3 at Bates No. 28; Attachment 4 at Bates No. 29).

  4.  Each of the SPARTA policies expressly provides: "No person or organization has a right . . . to sue us on this Coverage Part **unless all of its terms have been fully complied with.**" (Doc. 41-1, PageID. 947; see also, Ex. A, Aff. of Ron Harrell, Attachment 1 at Bates No. 21; Attachment 2 at Bates No. 23; Attachment 3 at Bates No. 24; Attachment 4 at Bates No. 25) (emphasis added).

5.      On May 25, 2017, Jason Outlaw submitted a written "Demand for Arbitration" to the American Arbitration Association.  (Doc 41-5, PageID. 1156; see also Ex. A, Aff. of Ron Harrell, Attachment 6).

6.      Mr. Outlaw's May 25, 2017 Demand for Arbitration asserted multiple causes of action against Guardian, Mr. Marcrum, Terminix International Company, LP, and two Terminix managers, Thomas Hodges and Ken Stroh, arising from alleged termite damage to Mr. Outlaw's property. (Doc. 41-5, PageID. 1156).

7.      Jason Outlaw, through his attorneys, placed Guardian and Mr. Marcrum on notice of his arbitration claims by letter dated May 26, 2017.[3]  (Doc. 41-6, PageID. 1158-67).

8.      Guardian and Mr. Marcrum cannot dispute they were aware of Mr. Outlaw's pending arbitration claims.  They engaged Attorney Christopher George to defend them against those claims. In a letter dated September 18, 2017, Attorney George requested records regarding Mr. Outlaw from the Alabama Department of Agriculture & Industries. Attorney George's letter states: "I represent Guardian Termite & Pest Control Services with regard to Jason Outlaw's termite damage claims against them, The Terminix International Company, LP, and Ken Stroh." (Ex. B, Atty. George Letter to ADAI, p. 1).

9.      On November 30, 2017, Jason Outlaw, through his attorneys, submitted a 20-page "Statement of Claim" in the arbitration proceedings.  It presents a detailed chronology of alleged events from 2009 through 2017.  (Doc. 41-7, PageID. 1169-88; see also, Ex. A, Aff. of Ron Harrell,

---

[3]  This letter was addressed to Guardian and Mr. Marcrum.  It stated: "I write as counsel for Jason Outlaw" regarding "the attached arbitration demand filed May 25, 2017."  In their pleadings in this coverage action, Mr. Marcrum and Guardian admit this letter "was sent to the addresses shown on or about May 26, 2017," but "deny that this letter put Defendants on notice of the claims at issue."  (Doc. 49, PageID. 1268, at paragraph 26).

Attachment 7).

10.    Mr. Outlaw's November 30, 2017 Statement of Claim asserts multiple causes of action against Guardian and Mr. Marcrum arising from the alleged termite damage, including fraud suppression, and misrepresentation; negligence and recklessness; negligent hiring, training, and supervision; breach of contract; equitable relief, including unjust enrichment; and equitable relief pursuant to the "made whole" doctrine.[4]  (Doc. 41-7, PageID. 1169-88).

11.    The "Statement of Claim" reflects it was served on two attorneys at separate firms representing Guardian and Mr. Marcrum in the arbitration proceedings: (1) Shaun A. DeCoudres, retained by Everest National Insurance Company; and (2) Christopher L. George, directly-retained by Mr. Marcrum and Guardian.  (Doc. 41-7, PageID.1188).  These two attorneys continue to defend Guardian and Mr. Marcrum in the underlying arbitration proceedings.

12.    Guardian and Mr. Marcrum did not put SPARTA on notice as required under the SPARTA policies at anytime in 2017.  Nor did they put Sparta on notice as required under the SPARTA policies at anytime in 2018.  Nor did Guardian or Mr. Marcrum send SPARTA copies of the arbitration papers or any other documentation received in connection with the claim, as required under the SPARTA Policies.  (Ex. A, Aff. of Ron Harrell, pp. 1-2, and Attachment 5).

13.    SPARTA's first notice of any claim for coverage came April 22, 2019 from Everest National Insurance Company.  On that date, SPARTA received an email from Everest advising that Everest had been defending Guardian and Mr. Marcrum in the underlying arbitration proceeding. Everest sought "defense cost sharing and contribution" from SPARTA "for the upcoming arbitration

_____

[4]  In their pleadings in this coverage action, Mr. Marcrum and Guardian admit only: "The Statement of Claims . . . speaks for itself."  (Doc. 49, PageID. 1268, ¶27).

6

in July 2019." (Ex. A, Aff. of Ron Harrell, pp. 1-2).

14.     On April 22, 2019, Everest sent SPARTA copies of Mr. Outlaw's "Demand for Arbitration" dated May 25, 2017 and "Statement of Claim" dated November 30, 2017.  SPARTA did not have copies of these or any other papers from Mr. Outlaw's arbitration before that date.  (Ex. A, Aff. of Ron Harrell, p. 2).  This notice from Everest to SPARTA came one year and eleven months after Mr. Outlaw initiated and served his arbitration claims in May 2017, and only three months before those claims were set to be heard by the arbitrator in July 2019.

15.     On May 8, 2019, and again on May 30, 2019, SPARTA wrote to Guardian and Mr. Marcrum expressly reserving SPARTA's rights to disclaim coverage based on the failure to provide timely notice.  (Doc. 41-8, PageID. 1190-93; Doc. 41-9, PageID. 1195-1217).

16.     On June 3, 2019, SPARTA filed this action against Guardian, Mr. Marcrum, and all other interested parties, seeking judicial determination of SPARTA's coverage obligations with respect to Jason Outlaw's arbitration claims.

## III.    Argument

The facts are undisputed that Guardian and Mr. Marcrum failed to notify SPARTA of the underlying arbitration claim "as soon as practicable," or to "immediately" provide SPARTA copies of the arbitration papers, as required for coverage under the SPARTA policies. The Alabama Supreme Court has held:

> The failure of an insured to comply **within a reasonable time** with such conditions precedent in an insurance policy **requiring the insureds to give notice of an accident or occurrence** releases the insurer from obligations imposed by the insurance contract.

Travelers Indem. Co. v. Miller, 86 So. 3d 338, 342 (Ala. 2011) (quoting Reeves v. State Farm Fire & Cas. Co., 539 So. 2d 252, 254 (Ala. 1989)) (emphasis added).

The Alabama Supreme Court has interpreted the words "as soon as practicable" and "immediately," both of which are included in SPARTA's notice provisions, "to mean that notice must be given within a reasonable time in view of the facts and circumstances of the case." Miller, 86 So. 3d at 342; see also Nationwide Mut. Fire Ins. Co. v. Estate of Files, 10 So. 3d 533, 535 (Ala. 2008). "In making this determination, **the only factors to be considered are the length of the delay in giving notice and the reasons therefore**." Files, 10 So. 3d at 535. (emphasis added). The Alabama Supreme Court has further clarified: "Prejudice to the insurer from any such delay in providing notice is not a factor." Miller, 86 So. 3d at 342. See also Pharr v. Continental Cas. Co., 429 So. 2d 1018, 1020 (Ala. 1983). ("[W]hether the insurer was prejudiced by the delay is immaterial to a determination of the reasonableness of the delay where the giving of reasonably timely notice is expressly made a condition precedent to any action against the insurer").

In Pharr v. Continental Cas. Co., 429 So. 2d 1018 (Ala. 1983), the insured was served with a lawsuit but did not notify his insurer for almost eight months. The insured offered no explanation for the delay. The Alabama Supreme Court found the eight-month delay **"unreasonable as a matter of law"** and held the insurer had no obligation to defend the underlying lawsuit. Id. at 1019-20. (emphasis added). See also Files, 10 So. 3d at 535 (Ala 2008) (five-month delay in giving notice held unreasonable as a matter of law); S. Guaranty Ins. Co. v. Thomas, 334 So. 2d 879 (Ala. 1976) (six-month delay in giving notice held unreasonable as a matter of law); B&M Homes, Inc. v. American Liberty Ins. Co., 356 So. 2d 1195 (Ala. 1978) (seven-month delay in giving notice held unreasonable as a matter of law).

In the present case, SPARTA was not provided notice of the arbitration claims for almost **two years**.  In fact, Guardian and Mr. Marcrum never provided SPARTA notice of the underlying arbitration claims (notice was instead provided by insurer Everest in April 2019). Nor did they provide SPARTA copies of the Demand for Arbitration, Statement of Claim, or other papers received in the course of the arbitration proceeding.  No explanation has been provided for this failure to comply with the notice requirements which are a condition for coverage under the SPARTA policies.

The April 22, 2019 notice provided by Everest – arriving one year and eleven months after Mr. Outlaw initiated his arbitration claims on May 25, 2017, and only three months before those claims were set to be heard by the arbitrator – does not constitute adequate or timely notice under the SPARTA policies or under Alabama law. Even if notice from Everest constitutes notice from Guardian and Mr. Marcrum (which is not conceded), this unexplained and protracted delay of nearly two years was "unreasonable as a matter of law".  See Pharr, 429 So. 2d at 1019-20.  Under these undisputed facts, SPARTA owes no duty to defend Mr. Marcrum, or his company Guardian, against Mr. Outlaw's arbitration claims.

## IV.   Conclusion

SPARTA's Motion for Summary Judgment is due to be granted.  It is undisputed that Guardian and Mr. Marcrum failed to meet the essential conditions of the SPARTA policies. This Court should enter a judicial declaration that SPARTA has no duty to defend Guardian or Mr. Marcrum, or to contribute to their defense, in the underlying arbitration proceedings because SPARTA was not provided timely notice of Mr. Outlaw's claims.

Respectfully submitted,

*/s/ Carol Ann Smith* _____
Carol Ann Smith, (ASB-3485-T81C)

*/s/ Christopher J. Doty* _____
Christopher J. Doty, (ASB-8856-P76B)
*Attorneys for Plaintiff SPARTA Insurance Co.*

**OF COUNSEL:**
**SMITH & BAHAKEL, P.C.**
2000A SouthBridge Parkway, Suite 405
Birmingham, Alabama 35209
Tel:  205-802-2214
carolann@sblegalteam.com
chrisd@sblegalteam.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July, 2020, a true and correct copy of the foregoing was served by filing with Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and/or by U. S. Mail, postage prepaid, addressed as follows:

Christopher L. George, Esq.
**Christopher L. George, P.C.**
P.O. Box 81328
Mobile, Alabama 36689
*Attorney for Guardian Services, Inc. and Steven Marcrum*

Thomas F. Campbell, Esq.
William H. Reece, Esq.
**Campbell Law, P.C.**
5336 Stadium Trace Parkway, Suite 206
Birmingham, Alabama 35244
*Attorney for Jason Outlaw*

Archibald T. Reeves, IV, Esq.
Jonathan M. Lieb, Esq.
**McDowell Knight Roedder & Sledge, LLC**
11 North Water Street,
13 Floor Battle House Tower
Mobile, Alabama 36602
*Attorney for Everest National Insurance Company*

10

Amber Nicole Hall, Esq.
James W. Gibson, Esq.
**Lightfoot, Franklin & White**
400 North 20th Street
Birmingham, Alabama 35203
*Attorneys for Terminix International Inc. and*
*The Terminix International Company, LP*


M. Warren Butler, Esq.
Alex Terry Wood, Esq.
**Starnes Davis Florie LLP**
11 North Water Street, Suite 20290
Mobile, Alabama 36602
*Attorney for Scottsdale Insurance Company*

/s/ *Christopher J. Doty*
OF COUNSEL