IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA, MOBILE DIVISION

| | |
|---|---|
| SPARTA INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO: |
| ) | |
| v. ) | 1:19-cv-00260-TFM-N |
| ) | |
| GUARDIAN SERVICES, INC., d/b/a ) | |
| GUARDIAN TERMITE & PEST SERVICE; ) | |
| and STEVEN MARCRUM; et al., ) | |
| ) | |
| Defendants. ) | |

**SPARTA'S RESPONSE TO DEFENDANT EVEREST'S
MOTION FOR TIME TO CONDUCT ADDITIONAL DISCOVERY (DOC. 67)**

SPARTA Insurance Company ("SPARTA"), pursuant to this Court's Order entered August 4, 2020 (Doc. 68), responds to the Motion for Time to Conduct Additional Discovery (Doc. 67) filed August 3, 2020 by Defendant Everest National Insurance Company ("Everest"), as follows:

**Introduction**

On July 15, 2020, Plaintiff SPARTA filed its pending motion for summary judgment and supporting evidentiary submissions. (Docs. 61 to 61-10). In doing so, SPARTA sought to comply with this Court's Rule 16(b) Scheduling Order entered in this case, in which this Court instructed:

> Motions for summary judgment and any other dispositive motions, **especially those that require little or no discovery**, **are to be filed as soon as possible** but in no event later than Friday, January 8, 2021.

(Doc. 51, PageID. 1293, at ¶11) (emphasis added).

SPARTA's motion for summary judgment, filed July 15, 2020, is a model example of one requiring "little or no discovery." The undisputed facts and issues presented in SPARTA's motion are narrow, straightforward, and uncomplicated. Summary judgment will turn on whether this Court finds that SPARTA's and Everest's mutual insureds, Steven Marcrum ("Marcrum") and his

company Guardian Services, Inc. ("Guardian"), failed to timely notify SPARTA of Mr. Outlaw's claims. Neither Marcrum nor Guardian have offered any reason for their delay, in fact their outright failure, to notify SPARTA of Mr. Outlaw's claims.

Given the "valuable role served by summary judgment", this Court need not wait for the completion of all discovery before ruling on SPARTA's timely and ripe motion for summary judgment. The Eleventh Circuit Court of Appeals has stated:

> The district court is not required to await the completion of discovery before ruling on a motion for summary judgment. As this court has held, it would be inappropriate to limit summary judgment to cases where discovery is complete in light of the valuable role served by summary judgment and the commitment of discovery issues to the sound discretion of the trial judge.

Florida Power & Light Co. V. Allis Chalmers Corp., 893 F.2d 1313, 1316 (11th Cir. 1990).

Further, this District Court has repeatedly held:

> The party seeking to delay adjudication of [a motion for summary judgment] may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.

Colony Ins. Co. v. C&M Constr. Co., LLC, 2014 WL 12616817 at *1 (S.D. Ala. Feb. 12, 2014).

Everest has not met this burden, but instead relies on "vague assertions" and "unspecified facts" in its attempt to show that additional discovery is needed. There is no legitimate reason that Everest, or any other Defendant, cannot adequately respond to the narrow facts and issues presented in SPARTA's motion for summary judgment. Everest's Motion for Time to Conduct Additional Discovery (Doc. 67)[1] should be denied.

---

[1] SPARTA notes that Everest waited until August 3, 2020 – nineteen days after SPARTA filed its July 15 motion for summary judgment, and just four days before Everest's response was due – before filing its motion, or otherwise notifying any party that Everest desired additional discovery before responding to SPARTA's motion.

**A.	Everest has no legitimate need to conduct discovery "to confirm" when SPARTA was placed on notice of the <u>Outlaw</u> claim.**

1.	SPARTA disagrees that Everest "needs discovery to confirm" that SPARTA "was not notified of Outlaw's claims until nearly two years after the underlying arbitration was filed." (<u>See</u> Doc. 67, PageID. 1631).  Any further discovery on this topic would be superfluous, given the undisputed evidence already established in the record.

2.	SPARTA has already submitted sworn testimony establishing the facts and circumstances surrounding notice to SPARTA of the <u>Outlaw</u> claim.  With the sworn Affidavit of Ronald H. Harrell, SPARTA established the following:

- Jason Outlaw submitted his arbitration claims against Guardian and Marcrum in **May 2017.**  (Doc. 61-2, PageID. 1356).

- Marcrum and Guardian never provided SPARTA notice of Mr. Outlaw's arbitration claims, or copies of the arbitration papers, as required for coverage under the SPARTA policies.  (<u>Id.</u>).

- On **April 22, 2019**, SPARTA was placed on notice of the <u>Outlaw</u> claims by Everest, which requested "defense cost sharing and contribution" from SPARTA "for the upcoming arbitration in July 2019."  (<u>Id.</u>).

- This April 22, 2019 notice from Everest to SPARTA came nearly two years after Mr. Outlaw initiated his arbitration claims in May 2017.  (<u>Id.</u> at PageID. 1357).

- SPARTA's business records confirm SPARTA did not receive any demands for coverage under the SPARTA Polices, or any of the papers submitted in the <u>Outlaw</u> arbitration, before April 22, 2019.  (<u>Id.</u>).

- SPARTA's business records confirm SPARTA first requested a claim file be opened on the <u>Outlaw</u> matter on April 23, 2019, one day after Everest notified SPARTA of Mr. Outlaw's arbitration claims.  (<u>Id.</u>).

3.	For their parts, SPARTA's insureds Guardian and Marcrum admit they did not provide notice to SPARTA of the <u>Outlaw</u> claim at any time during the years 2017 or 2018. (Answer, Doc. 49, PageID. 1268, ¶¶ 28-29; <u>see also</u> Sec. Am. Compl., Doc. 41, PageID. 903, ¶¶ 28-29).  Nor do Guardian and Marcrum dispute that Mr. Outlaw first made his arbitration claims

against them on May 25, 2017.² (Answer, Doc. 49, PageID. 1268, ¶24; see also Doc. 41, PageID. 902, ¶24).

4. Everest itself is the party responsible for placing SPARTA on notice of the Outlaw claims on April 22, 2019. (Doc. 61-2, PageID. 1356-57; Doc. 61-7, PageID. 1589). Everest presumably decided to place SPARTA on notice because Everest was aware that SPARTA had not been notified of the Outlaw claim.

5. At any rate, SPARTA has already responded to Everest's discovery requests on this topic. On July 30, 2020, SPARTA timely responded to Everest's discovery requests served June 30, 2020. (See Notice of Services, Docs. 60, 66). To the extent Everest's discovery requests related to notice to SPARTA of the Outlaw claim, SPARTA has already disclosed responsive facts, testimony, and documents. (See also Docs. 61-2 to 61-9, Affidavit of Ronald P. Harrell and supporting exhibits).

6. For these reasons, Everest has no legitimate need for further discovery "to confirm" when SPARTA was placed on notice of the Outlaw claim.

**B.   Everest has no legitimate need to depose its own insured Steven Marcrum on Guardian's and Marcrum's "reason(s) for the delay" in notice to SPARTA.**

7. In its motion Everest contends: "Everest does not know why Guardian and Marcrum delayed in providing notice to Sparta and cannot obtain that information without deposing [Everest's insured] Marcrum." (Doc. 67, PageID. 1632). As explained below, Everest has no need to depose its own insured, Steven Marcrum, on this topic.

---

² To the extent they argue they did not receive contemporaneous notice of Mr. Outlaw's May 25, 2017 Arbitration Demand, Guardian and Marcrum cannot dispute that they were actively litigating Mr. Outlaw's arbitration claims as early as September 2017. (See Doc. 61-10, PageID. 1614).

4

8.     Everest ignores the fact that Guardian and Marcrum are parties to this lawsuit. As a practical matter, if grounds for an excusable failure or delay in notice to SPARTA exists, Guardian and Marcrum are welcome to introduce competent evidence on this topic (through affidavit testimony or otherwise) in their response to SPARTA's motion for summary judgment. Mr. Marcrum does not need to be deposed in order to bring such evidence to this Court's attention.

9.     Guardian and Marcrum carry the burden of showing a reasonable excuse for their failure to notify SPARTA of the <u>Outlaw</u> claim to survive summary judgment. As the Alabama Supreme Court has consistently held: "If the facts are undisputed, . . . and the insured does not show justification for the protracted delay [in providing notice to its insurer], the court may find the delay unreasonable as a matter of law." <u>Nationwide Mut. Fire Ins. Co. v. Estate of Files</u>, 10 So. 3d 533, 535 (Ala. 2008); <u>see also</u>, <u>American Western Home. Ins. Co. v. Reese</u>, 2011 WL 5037382, at *5 (S.D. Ala. Oct. 20, 2011) ("Where, as here, the insureds have offered no excuse for the delay, reasonable or otherwise, we must conclude that the delay was unreasonable as a matter of law.") (internal quotations omitted).

10.    Guardian and Marcrum have had ample opportunity to present any excuse or reason, whether to SPARTA *or* to Everest, of their failure to notify SPARTA of the <u>Outlaw</u> claim. As early as May 2019, Guardian, Marcrum, and their attorneys were notified by SPARTA that coverage may be barred under the SPARTA Policies because of late notice. (Doc. 41-9, PageID. 1195-97). SPARTA, by its letters of May 8, 2019 and May 30, 2019, invited Guardian and Marcrum to provide any additional information they might have relating to SPARTA's coverage position. (Doc. 41-8, PageID. 1190, 1193; Doc. 41-9, PageID. 1196, 1213). To date, Guardian and Marcrum have not provided any reasons for why they failed to notify SPARTA of the <u>Outlaw</u> claim.

11. Everest also ignores the fact that Guardian's and Marcrum's "reasons" for failing to notify SPARTA are already readily available to Everest, without any need for additional discovery. As Everest's insureds in the Outlaw matter, Guardian and Marcrum are contractually required to cooperate with Everest in its coverage investigation related to the Outlaw claim. (See Everest Policy Excerpts, attached as Exhibit A).[3] Guardian and Marcrum must also help enforce Everest's rights, if any, that Everest wishes to assert against SPARTA arising out of the Outlaw claim. (Id. at p. 12 of 16, ¶ 8).[4]

12. As such, Everest has no legitimate need to depose Mr. Marcrum, its own insured, in order to obtain information on "why Guardian and Marcrum delayed in providing notice to Sparta." (Doc. 67, PageID. 1632). Everest can certainly request, at any time, that Mr. Marcrum provide Everest with responsive facts, documents, or testimony on this topic, including but not limited to sworn affidavit testimony, pursuant to Mr. Marcrum's duty to cooperate with his insurer.

---

[3] Everest's Policy requires that Guardian and Marcrum cooperate with Everest's investigation of the Outlaw claim as follows:

> Cooperate with us in the investigation or settlement of the claim or defense against the 'suit'; and
>
> Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

Ex. A, Section IV (2): Duties in the Event of Occurrence, Offense, Claim or Suit, at p. 11 of 16.

[4] The Everest Policy further provides:

> If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

Ex. A, Section IV (8): Transfer of Rights of Recovery Against Others To Us.

13. For these reasons, Everest has no legitimate need to depose Mr. Marcrum on this topic in order to respond to SPARTA's motion for summary judgment.

**C.   Discovery on the delivery of SPARTA's policies to Guardian and Marcrum.**

14. In its motion, Everest notes it has also "propounded discovery to Sparta relating to whether it properly delivered the subject policies to Guardian and Marcrum." (Doc. 67, PageID. 1632). Everest fails to mention that it served SPARTA with this discovery five days *after* SPARTA filed its motion for summary judgment on late notice. (Ex. B, Everest First Request for Admission and Supplemental Interrogatories and Requests for Production, issued July 20, 2020). SPARTA's response to Everest's discovery on the delivery of SPARTA's policies is currently due August 19, 2020.

15. As shown below, Everest's argument that it needs discovery on this topic is based on nothing more than its own speculation that SPARTA's policies were not "properly delivered" to Guardian or Marcrum. In other words, Everest's argument relies only on "vague assertions" and "unspecified facts". Therefore, Everest has not met its burden under Rule 56(d) to show that additional discovery is needed on the delivery of SPARTA's policies. See Colony Ins. Co., 2014 WL 12616817 at *1 (holding that a party seeking additional discovery before responding to a motion for summary judgment may not simply rely on "vague assertions" and "unspecified facts.")

16. Despite Everest's belated interest in the delivery of SPARTA's policies, there has been no allegation, claim, defense, or evidence presented in this lawsuit, or at any other time, that SPARTA or its agents failed to deliver the SPARTA policies to Guardian or Marcrum. No such allegation, claim, or defense related to the delivery of SPARTA's policies appears anywhere in Guardian's and Marcrum's Answer to SPARTA's Second Amended Complaint for Declaratory

Judgment. (Doc. 49). Nor is any such allegation, claim, or defense found in the Answers filed by Everest (Doc. 42), Outlaw (Doc. 45), Scottsdale (Doc. 47), or Terminix (Doc. 46).

17. In June 2020, prior to the filing of SPARTA's motion for summary judgment, Guardian, Marcrum, Outlaw, and Everest all served extensive discovery requests on SPARTA. Notably, as shown below, not a single request addressed, in any way, the delivery of SPARTA's policies to Guardian or Marcrum:

- On June 25, 2020, Guardian and Marcrum served 25 written discovery requests, not counting subparts, on SPARTA. Guardian and Marcrum's discovery requests included no questions related to, in any way, the delivery of SPARTA's policies to Guardian or Marcrum. (See Guardian/Marcrum First Set of Discovery, attached as Exhibit C).

- On June 26, 2020, Jason Outlaw served an additional 30 requests, not counting subparts, on SPARTA. Mr. Outlaw's discovery requests included no questions related to, in any way, the delivery of SPARTA's policies to Guardian or Marcrum. (See J. Outlaw First Set of Discovery, attached as Exhibit D).

- On June 30, 2020, Everest served an additional 20 requests, not counting subparts, on SPARTA. Everest's discovery requests included no questions related to, in any way, the delivery of SPARTA's policies to Guardian or Marcrum. (See Everest First Set of Discovery, attached as Exhibit E).

18. As of the date of this filing, SPARTA is unaware of any contention, claim, or defense by Guardian or Marcrum that SPARTA or its agents failed to deliver the subject policies. If this argument is to be made, SPARTA notes that Guardian and Marcrum have waited over eleven years to raise it. SPARTA's first policy issued to Guardian began providing coverage on February 11, 2009.[5] (Doc. 61-3). Still, to the extent Guardian or Marcrum now wish to present any facts, evidence, or argument regarding the delivery of SPARTA's polices, they are presumably capable

---

[5] SPARTA also notes that Guardian and Marcrum renewed the SPARTA policies three times, in the years 2010, 2011, and 2012. (See Docs. 61-4, 61-5, 61-6). It is difficult to imagine that Guardian or Marcrum were not in possession of the SPARTA Policies that they consistently renewed.

of doing so by filing competent testimony or evidence in their response to SPARTA's motion for summary judgment.

19. Nevertheless, SPARTA is working diligently to respond to Everest's discovery on the delivery of its Policies. However, it must be noted that the subject policies would have first been delivered to Guardian and Marcrum over eleven years ago. Also, upon information and belief, the ultimate delivery of the SPARTA policies was handled by independent program administrators, and not directly by SPARTA. It is unknown at this time what documents or information SPARTA can reasonably be expected to produce at this late date.

20. SPARTA does not agree that Everest needs any additional discovery on this topic for it to respond to the issues presented in SPARTA's motion for summary judgment, as the delivery of SPARTA's policies is not at issue. However, SPARTA does not object to allowing Everest a reasonable time after SPARTA's discovery responses on this topic are due (August 19, 2020) in order to file its response.

**D.   SPARTA does not otherwise object to allowing the parties a short, reasonable extension of time to respond to SPARTA's motion for summary judgment.**

21. SPARTA does not agree, as Everest contends, that any additional discovery is needed in order for any party to adequately respond to SPARTA's motion for summary judgment. SPARTA certainly does not agree that the parties need until the current discovery cutoff of December 11, 2020 to respond to the narrow facts and issues presented in SPARTA's motion, as Everest contends. See Florida Power & Light Co. V. Allis Chalmers Corp., 893 F.2d 1313, 1316 (11th Cir. 1990) ("The district court is not required to await the completion of discovery before ruling on a motion for summary judgment.").

22.   Notwithstanding its positions set out above, SPARTA does not object to allowing Everest, and the other parties, a short, reasonable extension of time to respond to SPARTA's motion for summary judgment, especially in light of the Covid-19 pandemic.

23.   SPARTA's discovery responses on the narrow issue of the delivery of SPARTA's policies are due August 19, 2020.  No other discovery related to notice to SPARTA of the <u>Outlaw</u> claim remains outstanding by SPARTA.  Therefore, SPARTA respectfully proposes that Defendants be allowed until August 26, 2020 to file their responses to SPARTA's motion for summary judgment.

24.   In the alternative, before this Court enters a ruling on Everest's motion, and to the extent the Court finds discovery on this topic is necessary, SPARTA requests it be permitted adequate time, or by August 19, 2020, to respond to Everest's discovery on the delivery of SPARTA's policies.

WHEREFORE, PREMISES CONSIDERED, SPARTA respectfully requests this Court deny the relief requested in Everest's Motion for Time to Conduct Additional Discovery (Doc. 67).  SPARTA requests the parties be Ordered to respond to SPARTA's motion for summary judgment by August 26, 2020, or by some other reasonable date falling within the next few weeks.

In the alternative, before this Court enters a ruling on Everest's motion, and to the extent the Court finds that discovery on the delivery of SPARTA's policies is necessary, SPARTA requests it be permitted adequate time, or by August 19, 2020, to respond to Everest's discovery on the delivery of SPARTA's policies.

          Respectfully submitted,

          */s/ Carol Ann Smith*
          Carol Ann Smith, (ASB-3485-T81C)

                                            */s/ Christopher J. Doty*  
                                            Christopher J. Doty, (ASB-8856-P76B)  
                                            *Attorneys for Plaintiff SPARTA Insurance Co.*

**OF COUNSEL:**
**SMITH & BAHAKEL, P.C.**
2000A SouthBridge Parkway, Suite 405
Birmingham, Alabama 35209
Tel: 205-802-2214
carolann@sblegalteam.com
chrisd@sblegalteam.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of August, 2020, a true and correct copy of the foregoing was served by filing with Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and/or by U. S. Mail, postage prepaid, addressed as follows:

Archibald T. Reeves, IV, Esq.
Jonathan M. Lieb, Esq.
**McDowell Knight Roedder & Sledge, LLC**
11 North Water Street,

13 Floor Battle House Tower
Mobile, Alabama 36602
*Attorney for Everest National Insurance Company*

Christopher L. George, Esq.
**Christopher L. George, P.C.**
P.O. Box 81328
Mobile, Alabama 36689
*Attorney for Guardian Services, Inc. and Steven Marcrum*

Thomas F. Campbell, Esq.
William H. Reece, Esq.
**Campbell Law, P.C.**
5336 Stadium Trace Parkway, Suite 206
Birmingham, Alabama 35244
*Attorney for Jason Outlaw*

Amber Nicole Hall, Esq.
James W. Gibson, Esq.
**Lightfoot, Franklin & White**
400 North 20th Street
Birmingham, Alabama 35203
*Attorneys for Terminix International Inc. and The Terminix International Company, LP*

M. Warren Butler, Esq.
Alex Terry Wood, Esq.
**Starnes Davis Florie LLP**
11 North Water Street, Suite 20290
Mobile, Alabama 36602
*Attorney for Scottsdale Insurance Company*

/s/ *Christopher J. Doty*
OF COUNSEL