# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA, MOBILE DIVISION

| | |
|---|---|
| **SPARTA INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION NO:** |
| ) | |
| v. ) | **1:19-cv-00260-TFM-N** |
| ) | |
| **GUARDIAN SERVICES, INC., d/b/a** ) | |
| **GUARDIAN TERMITE & PEST SERVICE;** ) | |
| **and STEVEN MARCRUM; et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## SPARTA INSURANCE COMPANY'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff SPARTA Insurance Company ("SPARTA"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, files this Reply Brief in further support of its "Motion for Summary Judgment, Narrative Statement of Undisputed Facts, and Brief in Support of Summary Judgment". (Docs. 61 to 61-10).

As stated in its Motion, SPARTA respectfully requests this Court declare that it has no duty to defend its insureds Steven Marcrum or his company Guardian Services, Inc. against the arbitration claims made the subject of this action because SPARTA was not provided timely notice of those claims.

**I.   Defendants have not met their evidentiary burden to overcome SPARTA's motion for summary judgment.**

As an initial matter, this Court ordered all Defendants to respond to SPARTA's Motion for Summary Judgment on or before **September 2, 2020**.  (Doc. 70, Order, PageID. 1700).[1] No Defendant filed any response to SPARTA's Motion for Summary Judgment by the Court-

---

[1] This Court ordered that SPARTA's Reply Brief, if any, would be due on or before September 11, 2020. (Id.).

appointed deadline. Nor has any Defendant moved to file an out-of-time response. As such, this matter is ripe for decision. [2]

As the moving party, SPARTA has met its summary judgment burden by showing this Court "by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Celotex Corp. v. Catrett, 317, 323 (1986). Specifically, SPARTA has presented competent, undisputed evidence to show that Steven Marcrum and his company, Guardian Services, Inc. ("Guardian") failed to timely – or "as soon as practicable" – notify SPARTA, as a condition precedent to insurance coverage, of the underlying arbitration claims brought against them by Guardian customer Jason Outlaw ("Outlaw").

Conversely, Guardian and Marcrum have failed to meet their respective burdens, as the non-moving parties, to show a genuine issue of material fact exists to overcome summary judgment. The Eleventh Circuit Court of Appeals has stated:

> When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing that there is a genuine issue for trial.

Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-95 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

---

[2] SPARTA does not suggest that this Court should grant summary judgment based on the lack of a response alone. "[T[he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." United States v. One Piece of Real Property, 5800 S.W. 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004).

2

Defendants have not met this burden. In their failure to respond to SPARTA's motion for summary judgment, Defendants have not presented this Court with any facts, whether by affidavit or otherwise, "showing that there is a genuine issue for trial." Id.

For these reasons, Defendants have failed to show there exists any genuine issue of material fact to preclude summary judgment. This Court should grant summary judgment in SPARTA's favor, and enter an Order that SPARTA owes no duty defend Guardian or Marcrum because they failed to provide timely notice to SPARTA of the underlying arbitration claims.

**II.    The material facts in this declaratory judgment action are uncontested and undisputed for purposes of SPARTA's Motion for Summary Judgment.**

When a non-moving party fails to respond to a motion for summary judgment, the Federal Rules of Civil Procedure allow the reviewing Court several options. Rule 56(e) provides:

> If a party fails to properly support an assertion of fact or **fails to properly address another party's assertion of fact as required by Rule 56(c),** the court may:
>
> (1)    give an opportunity to properly support or address the fact;
>
> (2)    consider the fact undisputed for purposes of the motion;
>
> (3)    grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>
> (4)    issue any other appropriate order.

Fed R. Civ. P. 56(e) (emphasis added).

In light of Defendants' failure to respond to SPARTA's Motion for Summary Judgment, the following uncontested facts may be deemed undisputed for purposes of SPARTA's motion:

1. SPARTA issued four policies of Commercial General Liability Insurance to Guardian for the combined policy periods February 11, 2009 to February 16, 2013. (Doc. 61, PageID. 1343, ¶1; see also SPARTA Policies, Docs. 61-3 to 61-6).

2. As a condition precedent to coverage under each of the SPARTA policies, Guardian was required to notify SPARTA of any potential or pending claim **"as soon as practicable."** As a further condition precedent, Guardian "and any other involved insured" must **"immediately"** send SPARTA "copies of any demands, notices, summonses or legal papers" received in connection with a claim. (Doc. 61, PageID. 1343-44, ¶2; see also Doc. 61-3, PageID. 1379-80).

3. On May 25, 2017, Jason Outlaw submitted a written "Demand for Arbitration" to the American Arbitration Association, asserting several claims against Guardian and Marcrum arising from termite damage to Outlaw's property. Mr. Outlaw, through his attorneys, placed Guardian and Marcrum on notice of his arbitration claims by letter dated May 26, 2017. (Doc. 61, PageID. 1345, ¶¶5-7; see also Doc. 41-5, PageID. 1156; Doc. 41-6, PageID. 1158-67).

4. Mr. Marcrum and Guardian were actively litigating Mr. Outlaw's arbitration claims at least by September 18, 2017. (Doc. 61, PageID. 1345, ¶8; see also Doc. 61-10, PageID. 1614-15).

5. On November 30, 2017, Jason Outlaw submitted a 20-page "Statement of Claim" in the arbitration proceeding, further detailing his causes of action against Guardian and Mr. Marcrum and specifying alleged events occurring from 2009 through 2017. (Doc. 61, PageID. 1345, ¶9; see also Doc. 61-9, PageID. 1593-1612).

6. Guardian and Marcrum did not notify SPARTA of Mr. Outlaw's arbitration claims at any time in 2017. Nor did they notify SPARTA at any time in 2018. (Doc. 61, PageID. 1346, ¶12). In addition to not contesting SPARTA's Motion for Summary Judgment on this point, Guardian and Marcrum freely admitted in their Answer that they did not notify SPARTA of Mr. Outlaw's claim during the years 2017 or 2018. (Answer, Doc. 49, PageID. 1268, ¶¶ 28-29; see also Sec. Am. Compl., Doc. 41, PageID. 903, ¶¶ 28-29).

7. SPARTA's first notice of any claim for coverage regarding Mr. Outlaw's arbitration claims came **April 22, 2019** from Everest National Insurance Company. On that date, Everest sent SPARTA an e-mail advising that Everest had been defending Guardian and Marcrum in the underlying arbitration and requested "defense cost sharing and contribution" from SPARTA. (Doc. 61, PageID. 1346-47, ¶13; see also Doc. 61-2, PageID. 1356-57).

8. This notice from Everest to SPARTA came **one year and eleven months** after Mr. Outlaw initiated and served his arbitration claims in May 2017, and only three months before those claims were set to be heard by the arbitrator in June 2019. (Doc. 61, PageID. 1347, ¶14).

9. Prior to Everest's notice to SPARTA on April 22, 2019, SPARTA had not received any of the materials or papers related to the Outlaw arbitration, or otherwise received any demand for coverage regarding Mr. Outlaw's arbitration claims. (Doc. 61, PageID. 1346, ¶¶13-14; see also Doc. 61-2, PageID. 1357).

**III.   The undisputed facts and applicable Alabama coverage law establish that Guardian and Marcrum failed to timely notify SPARTA of the Outlaw claims, and therefore SPARTA is entitled to summary judgment.**

As shown above, it remains undisputed that Guardian and Mr. Marcrum failed to notify SPARTA of Mr. Outlaw's arbitration claim "as soon as practicable," or to "immediately" provide SPARTA copies of the arbitration papers, as required for coverage under the SPARTA policies. The Alabama Supreme Court has held:

> The failure of an insured to comply **within a reasonable time** with such conditions precedent in an insurance policy **requiring the insureds to give notice of an accident or occurrence releases the insurer from obligations imposed by the insurance contract.**

Travelers Indem. Co. v. Miller, 86 So. 3d 338, 342 (Ala. 2011) (quoting Reeves v. State Farm Fire & Cas. Co., 539 So. 2d 252, 254 (Ala. 1989)) (emphasis added).

5

As explained in SPARTA's Motion for Summary Judgment , the Alabama Supreme Court has interpreted the words "as soon as practicable" and "immediately," both of which are included in SPARTA's notice provisions, "to mean that notice must be given within a reasonable time in view of the facts and circumstances of the case." Miller, 86 So. 3d at 342; see also Nationwide Mut. Fire Ins. Co. v. Estate of Files, 10 So. 3d 533, 535 (Ala. 2008). "In making this determination, **the only factors to be considered are the length of the delay in giving notice and the reasons therefore**." Files, 10 So. 3d at 535. (emphasis added).  The Alabama Supreme Court has further clarified: "Prejudice to the insurer from any such delay in providing notice is not a factor." Miller, 86 So. 3d at 342.

The Alabama Supreme Court has consistently found delays in notice far shorter than the nearly two-year delay in this case to be "unreasonable as a matter of law."  See Pharr v. Continental Cas. Co., 429 So. 2d 1018, 1019-20 (Ala. 1983) (delay in notice of **eight months** deemed unreasonable as a matter of law); Files, 10 So. 3d at 535 (Ala 2008) (**five-month** delay in giving notice held unreasonable as a matter of law); S. Guaranty Ins. Co. v. Thomas, 334 So. 2d 879 (Ala. 1976) (**six-month delay** in giving notice held unreasonable as a matter of law); B&M Homes, Inc. v. American Liberty Ins. Co., 356 So. 2d 1195 (Ala. 1978) (**seven-month delay** in giving notice held unreasonable as a matter of law).

Accordingly, this Court should similarly hold that Guardian's and Marcrum's unexplained delay in notice to SPARTA of nearly **two years** is "unreasonable as a matter of law."

Neither Guardian nor Marcrum (or any other party) offered any explanation for their failure to provide SPARTA timely notice of Mr. Outlaw's arbitration claims.  Certainly, Guardian and Marcrum have had ample opportunity to present any excuse or reason for their failure to notify

SPARTA.  As early as May 2019, Guardian, Marcrum, and their attorneys were notified by SPARTA that coverage may be barred under the SPARTA Policies because of late notice.  (Doc. 41-9, PageID. 1195-97).  SPARTA, by its letters of May 8, 2019 and May 30, 2019, invited Guardian and Marcrum to provide any additional information they might have relating to SPARTA's coverage position. (Doc. 41-8, PageID. 1190, 1193; Doc. 41-9, PageID. 1196, 1213).  At no time has Guardian and Marcrum provided any reasons for why they failed to notify SPARTA of the Outlaw claim.  At any rate, Guardian and Marcrum chose not to respond to SPARTA's Motion for Summary Judgment on this issue.

Under these uncontested facts, SPARTA owes no duty to defend Marcrum, or his company Guardian, against Mr. Outlaw's arbitration claims.  There can be no genuine dispute that Marcrum and Guardian failed to timely notify SPARTA of Mr. Outlaw's claim.  As such, Guardian and Marcrum failed to honor the unambiguous notice requirements of the SPARTA policies, and no defense is owed under the SPARTA policies.

**IV.   Conclusion**

SPARTA's Motion for Summary Judgment is due to be granted.  It is undisputed that Guardian and Mr. Marcrum failed to meet the essential conditions of the SPARTA policies. This Court should enter a judicial declaration that SPARTA has no duty to defend Guardian or Mr. Marcrum, or to contribute to their defense, in the underlying arbitration proceedings because SPARTA was not provided timely notice of Mr. Outlaw's claims.

Further, in its Order dated March 19, 2020, this Court dismissed as premature, without prejudice, SPARTA's "claim regarding the duty to indemnify" Guardian or Marcrum. (Doc. 40, PageID. 890, 893).  The only remaining claim in this declaratory judgment involves SPARTA's

duty to defend Guardian and Marcrum.  Respectfully, an Order in SPARTA's favor finding it has no duty to defend Guardian or Marcrum will resolve all claims in this declaratory judgment action.

                                  Respectfully submitted,

                                  */s/ Carol Ann Smith*
                                  Carol Ann Smith, (ASB-3485-T81C)

                                  */s/ Christopher J. Doty*
                                  Christopher J. Doty, (ASB-8856-P76B)
                                  *Attorneys for Plaintiff SPARTA Insurance Co.*

**OF COUNSEL:**
**SMITH & BAHAKEL, P.C.**
2000A SouthBridge Parkway, Suite 405
Birmingham, Alabama 35209
Tel:  205-802-2214
carolann@sblegalteam.com
chrisd@sblegalteam.com

## CERTIFICATE OF SERVICE

     I hereby certify that on this 9th day of September, 2020, a true and correct copy of the foregoing was served by filing with Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and/or by U. S. Mail, postage prepaid, addressed as follows:

Christopher L. George, Esq.
**Christopher L. George, P.C.**
P.O. Box 81328
Mobile, Alabama 36689
*Attorney for Guardian Services, Inc. and Steven Marcrum*

Thomas F. Campbell, Esq.
William H. Reece, Esq.
**Campbell Law, P.C.**
5336 Stadium Trace Parkway, Suite 206
Birmingham, Alabama 35244
*Attorneys for Jason Outlaw*

Archibald T. Reeves, IV, Esq.
Jonathan M. Lieb, Esq.
**McDowell Knight Roedder & Sledge, LLC**
11 North Water Street,

13 Floor Battle House Tower
Mobile, Alabama 36602
*Attorneys for Everest National Insurance Company*

Amber Nicole Hall, Esq.
James W. Gibson, Esq.
**Lightfoot, Franklin & White**
400 North 20th Street
Birmingham, Alabama 35203
*Attorneys for Terminix International Inc. and*
*The Terminix International Company, LP*

M. Warren Butler, Esq.
Alex Terry Wood, Esq.
**Starnes Davis Florie LLP**
11 North Water Street, Suite 20290
Mobile, Alabama 36602
*Attorney for Scottsdale Insurance Company*

                                                /s/ *Christopher J. Doty*
                                                OF COUNSEL